Dear Mayor Murray:
This office is in receipt of your request for an opinion of the Attorney General "relative to the Louisiana Revised Statute33:404.1 increasing the compensation for elected members of the Board of Aldermen and the Mayor." Although Grand Coteau is a special charter community, your office has informed us that you operate in accordance with the provisions of the Lawrason Act in enacting the compensation increase. You state that an ordinance was proposed for an increase in compensation of the Board of Aldermen and the Mayor at the regular meeting on January 12, 1998, advertised in the legal journal announcing a public hearing at the next regular meeting on February 9, 1998. There being no protest at that meeting, the ordinance was approved unanimously by the Aldermen and signed by the Mayor. The ordinance provided it would be retroactive to January 1, 1998. You further indicate you have been advised the retroactive application of the provision was unconstitutional, and that it has been suggested "to amend the ordinance for the `increase compensation' to become effective on the date of approval and signed by the Mayor", along with a severability clause.
You ask when does this increased compensation become effective.
This office has recognized that a budget cannot be amended to make retroactive salary increases for public employees, finding this is prohibited by Art. 7, Sec. 14 La. Const. 1974, and that for pay raises to be legal they must be in the form of salary increases for the future. Atty. Gen. Op. 97-203, 88-344.
Additionally, it is well established that in accordance with R.S. 33:401.1 compensation of municipal officers shall be by ordinance, and an ordinance is not effective until passed by the Board of Aldermen and signed by the Mayor. Clearly, a proposed ordinance could be vetoed by a Mayor, and it would not become effective unless the veto was overridden by the Board at a meeting after the veto. Accordingly, we would conclude that after the adoption of the ordinance by the Board, the ordinance would become effective upon the date of the signature of the Mayor.
We do not find it necessary to enact another ordinance but conclude the retroactive portion can be severed despite the lack of a severability clause, thereby making the increased compensation effective at the time of the signing of the ordinance by the mayor.
In Atty. Gen. Op. No. 97-42 in regard to the severability of a portion of an ordinance deemed unconstitutional, this office made the following observation:
 However, even though the governing authority did not include a specific severability clause in the ordinance in question, we agree with the analysis in The Law of Municipal Corporations, McQuillin Mun Corp Sec. 20.65 (3rd Ed), which states that severability is applicable whether or not an ordinance provides for a severability or savings clause when "the remaining parts of an ordinance can be preserved after the invalid parts have been severed if there remains an intelligible and valid ordinance capable of being placed in execution and conforming to the general purpose and intent of the enacting body."
We find it clear that the ordinance in question was intended to give the mayor and aldermen compensation increases immediately, and we conclude, as found in Atty. Gen. Op. No. 97-42, that those increases should become effective from the date the ordinance was signed by the mayor, by a severance of the invalid portion providing that it be retroactive.
Moreover, we think it is pertinent to note that this office has concluded in several opinions that while it is better to adopt a specific ordinance for salary increases, the increase may be accomplished through an ordinance that adopts the annual budget. Atty. Gen. Op. Nos. 97-404, 96-513, 95-341, 94-219. However, we do not know if the increase in question was included in an ordinance enacting the annual budget.
Also, we find it significant to point out that the provision in R.S. 33:404.1 and R.S. 33:405 (G) which prohibited an increase in compensation for the term of office during which the increase is approved or within the last six months of the term of office for the next term has been deleted by amendment of the statute by Act309 of 1997. Accordingly, the governing authority can now increase their compensation immediately.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR